IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

IN RE:                          *

INDUSTRIAL MACHINE, INC.,       *    Case No. 92-5-2084-SD
                                     Chapter 11
                                *
        Debtor.
                                *

* * * * * * * * * * * * * * * * * * * * *

JAMES T. FRESE,                 *

                                *
        Plaintiff/
        Counter Defendant,      *
v.                                   Adversary No. 93-5558-SD
                                *
HOWARD A. RUBENSTEIN,
                                *
        Defendant               *

and                             *

CIT GROUP/EQUIPMENT             *
FINANCING, INC.,
                                *
        Defendant/
        Counter Plaintiff.      *

* * * * * * * * * * * * * * * * * * * * *

MEMORANDUM OPINION

THIS MATTER came before the Court upon the motion of CIT Group/Equipment Financing, Inc. for partial summary judgment declaring that Count II of the complaint, which seeks equitable subordination of CIT's claim in the bankruptcy case, is barred by Maryland law.  Having heard the arguments of counsel, examined

the pleadings, considered the briefs and being otherwise fully advised, the Court denies the motion.

## Factual Background

In the fall of 1989, Industrial Machine entered into negotiations with CIT to refinance certain loan obligations. In connection with these negotiations, James T. Frese, a stockholder and officer of Industrial Machine, was requested by CIT to guarantee the debt personally. Concurrently Frese, as part of a retirement package, was entering into a stock redemption agreement with Industrial. According to Frese, his agreement to guarantee the CIT loan to Industrial was conditional upon his release from the guaranty at the time the stock redemption sale was completed and he retired. The loan documents on which Frese signed as guarantor, however, do not contain any provision for his release. Frese insists that CIT agreed to this condition and induced him to sign the unconditional guaranty by promising to execute a separate letter agreement setting forth the details of Frese's release from the guaranty. Such a letter agreement was never provided. Frese has offered, as exhibit 1 to his memorandum in opposition to the motion for partial summary judgment, a copy of an internal memo written by Stan Cochran of CIT on January 18, 1990. The memo contains a reference to the agreement Frese describes.

Industrial Machine filed a petition for Chapter 11 relief on March 19, 1993. Pursuant to the terms of Industrial's Chapter 11 plan, which was confirmed on May 20, 1993, certain collateral was

2

to be liquidated and sold at public auction. The proceeds were to be divided among participating secured creditors according to their respective priorities. Both CIT (based on the 1990 loan) and Frese (based on the stock redemption agreement) were participating creditors. Because Frese and CIT disagree about the extent of Frese's personal guaranty and for numerous other reasons not pertinent here, a dispute exists concerning the allocation of the proceeds of the auction sale. On December 1, 1993, Frese filed a complaint in the Industrial Machine bankruptcy for a determination of his security interest, for disgorgement of funds and equitable subordination, and for negligence and breach of fiduciary duty.

## Discussion

CIT takes the position that the absence of any written memorialization of the alleged agreement to release Frese from his guaranty is conclusive. CIT relies primarily on the Maryland Credit Agreement Statute of Frauds (Md.Code Ann., Cts.& Jud. Proc. §5-317(b)), which contains the following language:

> A credit agreement is not enforceable by way of action or defense unless it:
>
> 1. Is in writing;
> 2. Expresses consideration;
> 3. Sets forth the relevant terms and conditions of the agreement; and
> 4. Is signed by the person against whom its enforcement is sought.

According to CIT, the effect of §5-317 is to require any person "who seeks to enforce a credit agreement, such as Mr. Frese is

3

attempting to do in his Complaint," to obtain documentation of the agreement.  CIT backs up its position with citation to <u>Howard Oaks, Inc. v. Maryland National Bank</u>, 810 F.Supp. 674 (D. Md. 1993) in which the United States District Court confirmed that §5-317 bars the enforcement of claims based upon "side agreements" with lenders.

The difficulty with the position taken by CIT is that Frese is not asking in Count II for the relief which CIT insists is unavailable.  Frese is not seeking to enforce the alleged agreement to release the guaranty; Frese instead asks the Court to subordinate CIT's claim to the auction proceeds on the grounds that equity requires such subordination.  Frese asserts claims of conspiracy, misrepresentation, unfair advantage, and malicious and unlawful conduct, among others, in support of his plea for equitable relief.

Section 510(c) of the Bankruptcy Code provides for the equitable subordination of claims:

> (c)  Notwithstanding subsections (a) and (b) of this section, after notice and hearing, the court may ---
>
> > (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
> >
> > (2) order than any lien securing such a subordinated claim be transferred to the estate.

Pursuant to that section, the bankruptcy court has the power to subordinate claims against the debtor's estate to claims it finds

4

"ethically superior under the circumstances." In the Matter of Greensboro Lumber Company, 183 B.R. 316, 321 (Bankr. M. D. Georgia 1995). The body of law which establishes the doctrine of equitable subordination is separate and distinct from the statutory citations and contract theories upon which CIT relies in arguing for summary judgment.

It is also clear that material facts about the personal guaranty, the alleged agreement to release Frese, and the alleged promise to provide written confirmation of the agreement are disputed. Frese, in response to CIT's motion for partial summary judgment, has submitted his own affidavit and a copy of the internal memo written by Stan Cochran. CIT, in support of its position, has offered the Frank Gallagher letter and certain excerpts from Frese's deposition. These various documents are intended by the parties to substantiate conflicting versions of the circumstances underlying their dispute. The existence of these conflicting fact recitals prohibits resolution of Count II by summary judgment.

## Conclusion

For the foregoing reasons, the motion by CIT for summary judgment with respect to Count II of the complaint is denied. This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. An appropriate order will be entered.

_____

MARK B. McFEELEY
United States Bankruptcy Judge
Sitting by designation

I certify that on the above stamped date I mailed a copy of the above to:

Steven N. Leitess
Wendell Finner
Lawrence J. Merwin
Leitess & Associates, P.A.
201 Pomona Square
1700 Reisterstown Road
Baltimore, Maryland  21208

Troy C. Swanson
Kincaid, McGrath & O'Keefe
800 N. Charles Street - Suite 400
Baltimore, Maryland  21201

William Marlow
Attorney at Law
404 Alleghany Avenue
Towson, MD  21204

Jeffrey Orenstein
Adelberg, Rudow, Dorf, Hendler
& Sameth
600 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, MD  21201

John Strange
Attorney at Law
124 West Street - 4th floor
Annapolis, MD  21401

U.S. Trustee
Marsh & McLennan Bldg. - Suite 350
300 West Pratt Street
Baltimore, MD  21201

_____
Dinah N. Martinez
Secretary to Judge McFeeley
(505) 248-6526