96-5150-SD   AHP LTD, INC. d/b/a TAVERNA ATHENA V. BALTIMORE
             CENTER ASSOCIATES LIMITED PARTNERSHIP

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | * | |
| AHP LTD, INC. d/b/a | * | Case No. 95-5-3161-ESD |
| TAVERNA ATHENA | | Chapter 11 |
| | * | |
| Debtor. | | |
| | * | |

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| AHP LTD, INC. d/b/a | * | |
| TAVERNA ATHENA | | |
| | * | |
| Plaintiff | | |
| | * | |
| v. | | Adversary No. 96-5150-SD |
| | * | |
| BALTIMORE CENTER ASSOCIATES | | |
| LIMITED PARTNERSHIP | * | |
| | | |
| Defendant | * | |

* * * * * * * * * * * * * * * * * * * *

MEMORANDUM OPINION

THIS MATTER came before the Court upon the motion of defendant Baltimore Center Associates Limited Partnership ("Baltimore Center") for summary judgment dismissing the complaint and upon the opposing motion of plaintiff AHP LTD, Inc. d/b/a Taverna Athena ("Taverna Athena") for summary judgment in its favor. The Court having heard the arguments of counsel, examined the pleadings and briefs, and being otherwise fully advised enters this memorandum opinion.

UNDISPUTED FACTS

The undisputed facts before the Court are as follows:

1.  Baltimore Center is the owner and landlord of a retail shopping center, The Gallery at Harborplace, which is located in downtown Baltimore, Maryland.

2.  Harbor Place Associates Limited Partnership is the owner and landlord of a retail shopping center, Harborplace, which is also located in downtown Baltimore and is adjacent to The Gallery.

3.  Both Baltimore Center and Harbor Place Associates are subsidiaries or affiliates of The Rouse Company.

4.  A restaurant known as The Gallery Grill leased space in The Gallery shopping center from the late 1980's until it closed in the fall of 1991.

5.  The Gallery Grill, Inc., which operated the restaurant, is a closely-held corporation owned and operated by Spyros H. Stavrakas.

6.  The Gallery Grill, Inc. was frequently delinquent in lease payments, and at the time the restaurant closed a substantial arrearage in unpaid rent remained due and owing to Baltimore Center.

7.  In the spring of 1993, Spyros Stavrakas, individually and on behalf of the Gallery Grill, Inc. as its president, executed a promissory note in favor of Baltimore Center. The note provided for installment payments of the lease arrearages and other unpaid charges.

8. Spyros H. Stavrakas is also the president and sole shareholder of AHP, Ltd., Inc. which operated another restaurant,

known as Taverna Athena, from 1980 until March of 1996.

9. Taverna Athena was located in Harborplace shopping center under a lease arrangement with Harbor Place Associates Limited Partnership.

10. In the spring of 1993, Harbor Place Associates and Stavrakas, on behalf of AHP and the Taverna Athena restaurant, were involved in negotiations for a new lease.

11. Taverna Athena also had a history of delinquent rent payments and lease charge write-offs.

12. Harbor Place Associates, as a prerequisite to continuing its lease arrangement with AHP/Taverna Athena, required the new lease to contain default provisions tied to both the timely remittance of the agreed lease payments <u>and</u> the prompt payment of all amounts due to Baltimore Center under the terms of the promissory note executed by The Gallery Grill, Inc. and Stavrakas.

13. According to the terms of the renegotiated lease, failure to meet either obligation would trigger the default provisions of the lease.

14. In October of 1993, Stavrakas, on behalf of AHP/Taverna Athena, executed the new lease containing the cross-default provision.

15. On May 3, 1995, AHP Ltd., Inc. d/b/a Taverna Athena filed for relief under Chapter 11 of the Bankruptcy Code.

16. On March 25, 1996, the debtor filed an adversary complaint against Baltimore Center seeking to recover a portion

3

of the amounts paid under the promissory note on the grounds that the payments constitute a fraudulent conveyance.

DISCUSSION

The Bankruptcy Code provides for the recovery of property of the estate which has been transferred, under certain specified conditions, to another person or entity within one year prior to the date of the filing of the petition. Such a transfer may be avoided if the debtor is proven to have had an actual intent to hinder, delay, or defraud a creditor, or if the debtor "received less than a reasonably equivalent value in exchange for such transfer or obligation" and was insolvent at the time the transfer was made. 11 U.S.C. §548(a)(1) & (2). In the present case the debtor-in-possession, standing in the shoes of the trustee, seeks to recover payments made on a promissory note on the grounds that the debtor did not receive a benefit of reasonably equivalent value for the payments.

"Reasonably equivalent value" depends upon the facts and circumstances of each case. In re Chicago, Missouri & Western Ry. Co., 124 B.R. 769 (Bankr. N.D. Ill. 1991). Taverna Athena asks the Court to consider the fact that the payments made by the debtor to Baltimore Center pursuant to the promissory note operated to reduce the obligation of a totally separate entity, The Gallery Grill, Inc., and did not bestow any benefit on Taverna Athena. Therefore, according to Taverna Athena, the

4

Case 06-00014-m    Doc 2    Filed 12/22/06    Entered 12/22/06 10:15:20 Page 4 of 9

debtor received no reasonably equivalent value for the payments and is entitled to recover them for the estate.

Baltimore Center responds with two arguments.  First, Baltimore Center asserts that Taverna Athena <u>did</u> receive a direct benefit from the payments on the note.  According to Baltimore Center, the continuation of the lease, with the accompanying privilege of operating a restaurant at Harbor Place, constituted an essential benefit to Taverna Athena without which the debtor would have faced the disruption of relocating to another property.  Baltimore Center contends that because the cross-default provision was an absolute prerequisite to the continuation of the lease, the payments made on the Gallery Note conferred the direct benefit of allowing Taverna Athena to retain its existing location and enjoy continuous operation.

Second, Baltimore Center points out the interrelatedness of the parties involved in these transactions.  Spyros Stavrakas is the president, CEO, and sole stockholder of both the debtor and the obligor under the promissory note.  The Court is urged to find that reduction of the obligation under the promissory note, which directly benefitted The Gallery Grill, also indirectly benefitted Taverna Athena because of the obvious benefit to Spyros Stavrakas.  It is true that a number of cases have held that benefits to third parties may sometimes have the effect of conferring an indirect benefit on the debtor which is sufficient to satisfy the "reasonably equivalent value" requirement.  *See* <u>In re Jeffrey Bigelow Design Group, Inc.</u>, 127 B.R. 580 (Bankr. D.

5

Md. 1991), aff'd 956 F.2d 479 (4th Cir. Md. 1992); <u>Rubin v. Manufacturers Hanover Trust</u>, 661 F.2d 979 (2d Cir. 1981); <u>In re Evans Potato Co.</u>, 44 B.R. 191 (Bankr. S.D. Ohio 1984); <u>In re Holly Hill Medical Center, Inc.</u>, 44 B.R. 253 (Bankr. M.D. Fla. 1984).  As long as the payer received some benefit by the payment of a debt owed by a third party, then the payment can still be for reasonably equivalent value.  <u>In re Coors of North Mississippi, Inc.</u>, 66 B.R. 845 (Bankr. N.D. Miss. 1986).

Taverna Athena counters by pointing out a case which stands for the proposition that transfers made for the benefit of a third party do not constitute reasonably equivalent value.  *See* <u>In re Pembroke Development Corp.</u>, 124 B.R. 398 (Bankr. S.D. Fla. 1991). The debtor also insists that any benefit it realized indirectly is disproportionately small when compared to the detriment of depriving the estate of the funds.

The Court finds (1) that the cross-default provisions of the lease conferred a direct benefit on the debtor which was the reasonably equivalent value of the payments required; (2) that the payments made by the debtor on the promissory note did not constitute a fraudulent transfer; and (3) the defendant is entitled to summary judgment.  The facts are undisputed that both of Spyros Stavrakas' restaurants had a history of delinquent and unpaid rent.  The very existence of the promissory note to Baltimore Center evidences the magnitude of shortfall.  It is also undisputed that Harbor Place Associates was not willing to enter into a new lease arrangement with Taverna Athena unless the

6

promissory note default provision was included.  The successful renegotiation of the lease clearly provided a benefit to Taverna Athena, and the necessity of including additional reassurance for Baltimore Center seems only reasonable.  Just as any individual with a poor credit rating might expect to pay a higher interest rate on loan, Taverna Athena was required to sweeten the deal with Baltimore Center.  Taverna Athena needed to overcome a poor track record, and the debtor does not challenge the fact the terms of the lease were the result of fair bargaining.  The debtor received "reasonably equivalent value" for the payments made on the Gallery note, and those payments are not subject to avoidance under §548.  Having found the existence of a direct benefit to the debtor, the Court abstains from determining whether the close relationship between the entities operated to confer indirect value.

Debtor has also raised, in support of its position, the existence of language in an earlier order of the Court which describes the payments on the Gallery Grill note as "a gift" and avoidable as a fraudulent transfer.  This comment from the Court appears in an order denying a motion for reconsideration and affirming an order denying debtor's motion for approval of assumption of lease.  The substantive issue addressed in this order is assumption of the lease, and the Court's remarks regarding the note payments are merely dicta.

Having determined that summary judgment should be granted in favor of the defendant, the Court finds the plaintiff's motion to

7

amend the complaint is moot and should be denied.

CONCLUSION

For the foregoing reasons, the Court grants summary judgment in favor of the defendant Baltimore Center and denies the motions of plaintiff AHP, Ltd. Inc. d/b/a Taverna Athena for summary judgment and for leave to amend the complaint. This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. An appropriate judgment and orders will be entered.

_____
MARK B. McFEELEY
United States Bankruptcy Judge
Sitting by designation

I certify that on the above stamped date I mailed a copy of the above to:

Orbie R. Shively
GEORGE W. LIEBMANN P.A.
8 West Hamilton Street
Baltimore, MD  21202

Seema Reznick
Michael J. Schwarz
2840 Legg Mason Tower
111 South Calvert Street
Baltimore, MD  21202

U.S. Trustee
300 West Pratt Street - Suite 350
Baltimore, MD  21202

_____
Dinah N. Martinez
Secretary to Judge McFeeley
(505) 248-6526

9