IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| SCOTT F. LIPPERT, | * | Case No. 94-5-5523-SD |
| | | (Chapter 7) |
| Debtor. | * | |

* * * * * * * * * * * * *

## MEMORANDUM OPINION

THIS MATTER came before the Court upon the objections to exemption filed by the trustee and by creditors Plitkin, Sack & Karlen, P.A., Stanley Freidler, M.D., Daniel L. Bartell, D.D.S., and Doris Clear.  The Court having heard the arguments of counsel, examined the pleadings, and being otherwise fully informed, overrules the objections.

### FACTS

Debtor filed a voluntary petition for chapter 7 relief on August 26, 1994.  Debtor claimed as exempt a personal injury recovery in the amount of $200,000.  Debtor had suffered injuries in an automobile accident, filed a complaint for damages, and ultimately had agreed to submit the case to arbitration.  Prior to arbitration, the parties agreed the minimum recovery would be $200,000, and the actual arbitration award of $183,300 was accordingly increased to that amount.   At a hearing on October 3, 1995, the trustee and various creditors raised objections to the claimed exemption, taking the position that any portion of the arbitration award attributable to past medical expenses or lost earnings was not within the scope the statute.  The Court held to be exempt that portion of the arbitration award attributed to pain and suffering and to future medical

expenses ($77,200) as well as an equivalent percentage of the $16,700 which had been added to the award to reach the agreed minimum of $200,000. The Court took under advisement the question of what portion, if any, of the remaining recovery is exempt.

DISCUSSION

Maryland, pursuant to Md. Cts. and Jud. Proc. Code Ann. §11-504(g)(1989), has opted out of the federal exemption provided at 11 U.S.C. §522(b)(1) and (d). Thus, a debtor filing in Maryland may exempt property only in accordance with Maryland law. The debtor in the instant case claims his exemption under Md. Cts. & Jud. Proc. Code Ann. §11-504(b)(2)(1995), which provides:

> §11-504. Exemptions from execution.
> (b) In general. -- The following items are exempt from execution on a judgment:
> . . . (2) Money payable in the event of sickness, accident, injury, or death of any person, including compensation for loss of future earnings. This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief. Disability income benefits are not exempt if the judgment is for necessities contracted for after the disability is incurred.

The task of this Court is to determine, using Maryland laws of statutory construction, whether the portions of the debtor's claimed exemption which represent compensation for past medical expenses and lost earnings fall within the scope of the statute.

The goal of statutory construction is to ascertain and effectuate actual legislative intent. The court first looks to the plain meaning of the language of the statute to discern legislative intent. <u>Oaks v. Conners</u>, 660 A.2d 423 (Md. 1995); <u>Jones v. State</u>, 647 A.2d 1204 (Md. 1994); <u>Condon v. State of Maryland -- University of Maryland</u>, 632 A.2d 753 (Md. 1993). To ascertain and effectuate the actual legislative intention in enacting any statute is, of course, the cardinal rule of statutory interpretation, the

2

primary source of which is the language of the statute itself. Curry v. Department of Public Safety and Correctional Services, 651 A.2d 390 (Md. 1994).

The language of §11-504 is unambiguous: "[m]oney payable in the event of . . . injury . . . of any person" is exempt. Money payable on account of "arbitrations" and "compromises" is specifically named. The statute also contains the inclusory phrase "includes but is not limited to" in reference to the categories listed. While the legislature made the particular effort to exclude certain disability income benefits, no other limitations appear, a pattern which strongly suggests no other limitations were intended. Exemptions in Maryland are to be liberally construed, In re Taylor, 537 A.2d 1179 (Md. 1988), and the plain language of the statute seems to include the Lippert personal injury award in its entirety.

In Robinson v. Shell Oil Company, 70 F.3d 325, 1995 WL 700550 (4th cir. Md.), decided November 29, 1995, the Fourth Circuit Court of Appeals has emphasized the importance of strict adherence to rules of statutory interpretation, stating that words are to be given their common usage, and courts are "not free to read into the language what is not there, but rather should apply the statute as written." Id. at 3, quoting with favor from United States v. Murphy, 35 F.3d 143, 145 (4th Cir. 1994), cert. denied, --- U.S. ---, 115 S.Ct. 954, 130 L.Ed.2d 897 (1995) (citing K Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291, 108 S.Ct. 1811, 1817, 100 L.Ed.2d 313 (1988). According to the Robinson court, straying beyond the plain language of unambiguous statutes is permissible only where a literal application of statutory language would lead to an absurd result so gross as to shock general moral or common sense, and there must be something to make plain legislative intent that the letter of the statute is not to prevail. Robinson at 4.

Nothing in the instant case rises to the level of absurdity or moral shock required by Robinson. Nor do the objectors provide any evidence the legislature did not intend for the plain meaning of the statute to apply. The trustee and objecting creditors' concern is that Mr. Lippert, by exempting the portion of the arbitration award intended for payment of past medical expenses and simultaneously discharging in bankruptcy those same debts, will receive a windfall. The trustee also points out that an exemption for lost earnings would amount to a windfall to the debtor, since such lost earnings would have been, if not lost, property of the estate and not entitled to exemption. This Court finds the probability of a windfall to the debtor insufficient justification for disregarding the unambiguous language of the exemption statute.

The Court is urged to rely on the holding in Niedermayer v. Adelman, 90 B.R. 146 (Bankr. D. Md. 1988) to find these windfalls impermissible. The Niedermayer case involved a claim of exemption for a pending civil action in which damages were sought for a variety of tort claims and for punitive damages. The court refused to allow an exemption for the punitive damages since such an award would be intended as a punishment and deterrent rather than as compensation and would thus constitute a windfall to the debtor. The present case is easily distinguished from Niedermayer merely by the fact that the disputed portion of the exemption claimed by Mr. Lippert is not for punitive damages. Niedermayer does not stand for the proposition that any windfall to a debtor is impermissible under the statute. Even if Mr. Lippert's claimed exemptions are examined using the analysis in Niedermayer, the exemptions stand. The Niedermayer court's test for determining whether a claim for injury of the person properly falls within the exemption of §11-504 is whether the claim is for injury to "the

4

person proper," as opposed to injury to the property of the debtor.  Niedermayer at 149.  While punitive damages do not satisfy the Niedermayer test, medical expenses and lost earnings are a direct consequence of injury to the person proper.

In the present case, the debtor probably will not receive a windfall from the award for past medical expenses, because an assignment of proceeds in favor of the medical professionals to whom he is indebted will prevent that result.  In future cases, however, it seems clear a windfall might and probably will occur with respect to awards for both medical payments and lost earnings.  This prospect does not change the plain language of the statute, and it does not negate this Court's obligation to rely on the Maryland legislature to make whatever changes are required.

In re Butcher, --- B.R. ---, 1995 WL 703942 (Bankr. D. Md.), decided November 28, 1995, applies the rules of statutory construction to the same personal injury exemption statute which is the subject of this opinion.  The Butcher case involved a debtor who had sustained horrendous burn injuries from an explosion and had received in consequence a multimillion dollar settlement payable over the course of his lifetime.  When the debtor filed bankruptcy and claimed the settlement as an exemption, creditors objected to the large amount as unreasonable.  Rejecting argument that the personal injury exemption should be limited, the Butcher court stated it would not "arbitrarily impose a limitation that is found neither in the statute nor in the Constitution."  Id. at 4.  This Court also declines to do so.

CONCLUSION

For the foregoing reasons, the objections of the trustee and creditors Plitkin,

5

Sack & Karlen, P.A., Stanley Freidler, M.D., Daniel L. Bartell, D.D.S., and Doris Clear are overruled.  This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.  An Order shall be entered accordingly.

_____
MARK B. McFEELEY
United States Bankruptcy Judge
Sitting by Designation

I certify that on the above stamped date I mailed a copy of the above to:

Marc R. Kivitz
201 N. Charles Street - Suite 1330
Baltimore, Maryland  21201
(410) 625-2300

Karen H. Moore, Esq.
Asst. U.S. Trustee
300 W. Pratt St. - Suite 350
Baltimore, MD  21201

Harry L. Chase, Esq.
1190 W. Northern Parkway - Suite 124
Baltimore, MD  21210

Deborah Skillman, Esq.
Post Office Box 400
Bel Air, MD  21014

Eugene Seidel, Esq.
7 East Franklin St. - 2nd Floor
Baltimore, MD  21202

David Thomas, Esq.
3677 Park Avenue
Ellicott City, MD  21043

Joel I. Sher, Esq.
Shapiro & Olander
36 South Charles Street
Baltimore, MD  21201

Michael G. Rinn, Esq.
111 Warren Road - Suite 4
Cockeysville, MD  21030

                                                                                                    _____
                                                                                                     Case Administrator