IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| In re: | * | |
| LILLIE JENNIFER JOHNSON, | * | Case No. 95-5-4254 ESD |
| | | (Chapter 7) |
| Debtor/Plaintiff | * | |
| v. | | |
| C.E.O. ANNA MAE ROBERTS | * | |
| and | | |
| MATCOM FEDERAL CREDIT UNION, | * | |
| Respondents. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

THIS MATTER came before the Court upon the debtor's motion for an order of contempt against MATCOM Federal Credit Union and its chief executive officer, Anna Mae Roberts. The Court having heard the arguments of counsel, examined the pleadings and being otherwise fully advised, grants the motion.

FACTS

The pleadings establish the following undisputed facts:

1. Debtor filed a Chapter 7 bankruptcy petition on June 14, 1995.

2. Respondents received notice of the filing of the bankruptcy shortly after June 14, 1995.

3. Subsequent to receiving the notice of debtor's bankruptcy, respondents placed a freeze on the debtor's account.

4. Debtor's attorney made numerous demands for respondents to release the funds in the account to debtor, but respondents refused to do so.

5. Respondents' freeze on debtor's account continued for more than six weeks.

6. On August 1, 1995, respondents received notification from the trustee that the freeze should be lifted from the account. Respondents mailed to the trustee a check for the balance of the account. This check was never received.

7. Upon receipt of debtor's motion for contempt, respondents stopped payment on the initial check and drafted another check which was mailed to the trustee on August 24, 1995. Because the trustee had been discharged, this check was returned to respondents.

8. Debtor received from respondents a certified check for the balance of the account on September 19, 1995.

9. Respondents claimed no offset against the funds which were in the debtor's account.

## DISCUSSION

The United States Supreme Court decision in <u>Citizens Bank of Maryland v. Strumpf</u>, 116 S.Ct. 286, 1995 WL 633458 (U.S. Md.), is almost directly on point and was decided October 31, 1995, soon after the hearing in this case. In <u>Strumpf</u>, the debtor had filed a motion to hold the Citizens Bank of Maryland in contempt

for placing an "administrative hold" on a portion of the debtor's checking account in order to insure sufficient funds for a claimed setoff against an unpaid loan balance. Justice Scalia's opinion for the unanimous Court concentrates upon the sections of the Bankruptcy Code (11 U.S.C. §542(b) and 11 U.S.C. §553(a)) which specifically allow a right of setoff, reconciling those sections with the restrictive language of 11 U.S.C. §362(a)(7), which makes setoff rights subject to the automatic stay.

In the instant case, the financial institution which placed a freeze upon a debtor's account asserts no right of setoff. This Court need not analyze the respondents' actions to determine whether a setoff was claimed, which is permissible under <u>Strumpf</u>, or actually taken, which is not. The respondents, likewise, cannot rely on the setoff portion of the <u>Strumpf</u> ruling for authority that the freeze on debtor's account was permissible under the Bankruptcy Code.

Debtor maintains that the freezing of his bank account was contrary to and in violation of 11 U.S.C. §362. Section 362(a)(3) stays "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." "Property of the estate" is defined at §541 as being, among other things, all "legal or equitable interests of the debtor" in property. It is well established that a debtor's bank account is property of the estate. Deposits in a bank to the credit of a debtor become property of the estate under section 541(a)(1). 4 <u>Collier on Bankruptcy</u> §541.11 (1995). Property of the estate includes funds held in a checking or savings account. <u>Sousa v.</u>

Bank of Newport, 170 B.R. 492 (Bankr. D. R.I. 1994). A chapter 7 debtor's credit union account is estate property. In re Laux, 181 B.R. 60 (Bankr. S.D. Ill. 1995). *See also*, In re Figueira, 163 B.R. 192 (Bankr. D. Kan. 1993) (Debtors' bank account and any balance in it became property of the estate upon the filing of their petition); In re Debmar Corp., 21 B.R. 858 (Bankr. S.D. Fla. 1982) (Debts due debtor in form of a bank account are "property of the estate"); Matter of William H. Vaughan & Co., Inc., 63 B.R. 438 (Bankr. E.D. Pa. 1986) (Funds in bank account opened by debtor were "property of the estate"). The respondents' freezing of debtor's account exercised control over property of the estate.

Respondents take the position that the freezing of the account was not in violation of the Bankruptcy Code but rather in compliance with §542(a) which requires the turnover of property to the trustee. Respondents froze the account for over six weeks, however, without asserting any claim of offset and without taking any steps to turn the balance in the account over to the trustee or to seek a judicial determination of ownership. It is undisputed that Debtor's attorney made repeated demand for release of the funds in the account. Based upon the evidence and testimony presented at the hearing, it seems clear that respondents' actions were not motivated by any legitimate concern for adherence to the Bankruptcy Code nor by any legal claim, but rather by spite.

The Supreme Court in the Strumpf opinion rejects argument that an administrative hold placed on the debtor's account pursuant to a claim of setoff

was prohibited by §362(a)(3). The Court points out the subtle distinction between actual cash being held for the debtor and a bank account, which is "nothing more or less than a promise to pay." Strumpf at 5. The Court goes on to say that the bank's administrative hold did not constitute the "taking of possession of respondent's property nor the exercising of control over it" forbidden by §362(a)(3) but was "simply a refusal to perform its promise." Id.

This single sentence from the Strumpf opinion cannot be construed as the wholesale exclusion of bank accounts from the property of estate and from adherence to those sections of the Bankruptcy Code which apply to property of the estate. If the paragraph is interpreted to mean financial institutions are now at liberty to freeze the accounts of debtors, willy-nilly, because bank accounts are now considered "promises to pay" rather than debtor's property, the Strumpf case would have the effect of reversing the long line of cases which have established the proper inclusion of bank accounts within the property of a debtor's estate. If the Supreme Court had intended to effect such a fundamental change in bankruptcy law, it would have done so with clarity rather than by implication. Such a reading also flies in the face of the unambiguous language of §541(a)(1) which provides that "all legal or equitable interest of the debtor" is property of the estate. A bank account may not be actual cash; it is an equitable interest of the debtor. Furthermore, Justice Scalia concludes the paragraph by saying, " In any event, we will not give §§362(a)(3) . . . an interpretation that would proscribe" [the sections of the Code which

clearly provide for a claim of setoff]. The Court's comments on the nature of a bank account are made within the limited context of the claim of setoff and apply only to that situation, a situation which does not exist in the present case.

CONCLUSION

For the foregoing reasons, the debtor's motion for contempt is granted. Debtor is entitled to recover as damages her expenses for attorney's fees and costs incurred as a result of respondents' unlawful violation of the automatic stay. Pursuant to this Court's direction, debtor's attorney has submitted a Fee Petition reflecting the fees and costs associated with his efforts in recovering the funds in Ms. Johnson's bank account and with his representation in this contempt proceeding. No objection to the reasonableness of these fees was filed prior to the expiration of the 15-day period allowed by the Court; however, the Court finds Mr. Marts' four hours of research on violations of the automatic stay to be excessive for an established bankruptcy attorney, and his fees are accordingly reduced by $240.00. The Court awards debtor damages in the amount of $834.72 against respondents, jointly and severally, as sanctions for violation of the automatic stay.

This opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. An Order shall be entered accordingly.

_____

MARK B. McFEELEY  
United States Bankruptcy Judge  
Sitting by Designation

I certify that on the above stamped date I mailed a copy of the above to:

Matthew C. Emery  
8808 Centre Park Drive - Suite 207  
Columbia, MD  21045  
(401) 715-5255

Christopher M. Marts  
15 North Main Street  
Bel Air, MD  21014  
(410) 879-9736

_____  
Case Administrator